IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIRST QUALITY TISSUE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IRVING CONSUMER PRODUCTS LIMITED and IRVING CONSUMER PRODUCTS, INC.,<br><br>　　　　　Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, First Quality Tissue, LLC ("Plaintiff" or "First Quality"), by its attorneys, demands a trial by jury on all issues so triable and for its Complaint against Defendants, Irving Consumer Products Limited ("Irving Canada") and Irving Consumer Products, Inc. ("Irving US") (collectively "Defendants" or "Irving") alleges as follows:

## THE PARTIES

1.　　Plaintiff First Quality is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 904 Woods Avenue, Lock Haven, Pennsylvania 17745-3348.

2.　　On information and belief, Defendant Irving Canada is a limited liability company organized and existing under the laws of Canada, with a principal place of business at 100 Prom Midland, Dieppe, New Brunswick EIA 6X4, Canada.

3.　　On information and belief, Defendant Irving US is a company organized and existing under the laws of Delaware, with a principal place of business at 1 Eddy Street, Fort Edward, New York, 12828.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement under the laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants because they have purposely availed themselves of the rights and benefits of the laws of this State and this Judicial District. This Court also has personal jurisdiction over Defendants by virtue of, among other things, conducting a substantial, systematic and continuous business of making, using, offering to sell and/or selling goods and/or services in this Judicial District, both generally and with respect to the allegations in this Complaint, including the Defendants' acts of infringement in this Judicial District.

7. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

**BACKGROUND**

8. United States Patent No. 9,506,203 ("the '203 Patent") entitled "Soft Through Air Dried Tissue," was duly and legally issued to First Quality on November 29, 2016, based on an application filed on January 1, 2016. The patent application for the '203 Patent was a continuation of application No. 14/534,631, filed on November 6, 2014, which was a divisional of application No. 13/837,685, filed March 15, 2013, and also relies on provisional patent application No. 61/679,337, filed August 3, 2012. A copy of the '203 Patent is attached as Exhibit A. The '203 Patent is entitled to a presumption of validity under 35 U.S.C. § 282.

9. United States Patent No. 9,580,872 ("the '872 Patent") entitled "Soft Through Air Dried Tissue" was duly and legally issued to First Quality on February 28, 2017 based on an application filed on June 1, 2016. The patent application for the '872 Patent was a continuation

2

of application No. 14/534,631, filed on November 6, 2014, which was a divisional of application No. 13/837,685, filed March 15, 2013, and also relies on provisional patent application No. 61/679,337, filed August 3, 2012.  A copy of the '872 Patent is attached as Exhibit B.  The '872 Patent is entitled to a presumption of validity under 35 U.S.C. § 282.

10. United States Patent No. 9,725,853 ("the '853 Patent") entitled "Soft Through Air Dried Tissue" was duly and legally issued to First Quality on August 8, 2017 based on an application filed on February 27, 2017.  The patent application for the '853 Patent was a continuation of application No. 15/170,746, filed on June 1, 2016, which was a continuation of application No. 14/534,631, filed on November 6, 2014, which was a divisional of application No. 13/837,685, filed March 15, 2013, and also relies on provisional patent application No. 61/679,337, filed August 3, 2012.  A copy of the '853 Patent is attached as Exhibit C.  The '853 Patent is entitled to a presumption of validity under 35 U.S.C. § 282.

11. First Quality is the owner of the entire right, title and interest in and to the '203 Patent, the '872 Patent and the '853 Patent (collectively "the Patents-in-Suit").

12. The Patents-in-Suit relate to innovative soft through air dried tissue products. First Quality has been making and selling bath tissue products covered by one or more of the claims of the Patents-in-Suit since 2012.

13. Defendant Irving Canada is in the consumer paper products business.  On information and belief, Irving Canada is making, using, importing, offering for sale, and/or selling bath tissue products covered by the Patents-in-Suit.

14. Defendant Irving US is a wholly-owned subsidiary of Irving Canada and is also in the consumer paper products business.  On information and belief, Irving US is making, using, importing, offering for sale and/or selling bath tissue products covered by the Patents-in-Suit.

15. On information and belief, Defendants have used one or more of the Patents-in-Suit to copy First Quality's technology.

16. On October 17, 2018, First Quality, through its counsel, contacted Defendants' General Counsel and advised him that Defendants were infringing at least one claim from each of the Patents-in-Suit.

17. On October 23, 2018, in response to a request from Defendants' General Counsel, First Quality, through its counsel, specifically identified Irving products that, on information and belief, had been sold by Irving to Sam's Club and sold as Sam's Club's Members Mark bath tissue as an example of Irving products that had been tested and were found to be infringing one or more claims of the Patents-in-Suit.

18. More specifically, First Quality's testing and analysis shows that the infringing Irving bath tissue products are two-ply through air dried tissue with an outer surface having at least the following surface characteristics: (i) an Average Peak to Valley Waviness of less than 140 microns; (ii) a Waviness Uniformity of less than 27 microns; (iii) an Average Primary Amplitude of less than 50 microns; (iv) an Amplitude Uniformity of less than 8 microns; and (v) a bulk softness of less than 10TS7.

19. The Average Peak to Valley Waviness, Waviness Uniformity, Average Primary Amplitude, and Amplitude Uniformity measurements were performed on a Marsurf GD 120 profilometer. Ten samples of the infringing Irving bath tissue were tested with each sample being a 10 cm by 10 cm strip. Each sample was mounted and held in place with weights. A 5 µm tip was used for the profilometer. Twenty scans were run on the profilometer per sample. The reverse scans were performed by turning the sample 180 degrees prior to scanning. Each scan covered a 30 mm length. The collected surface profile data was then transferred to a

computer running Omnisurf analysis software using the settings disclosed in the '203, '872 and '853 Patents. The bulk softness measurements were obtained using a Tissue Softness Analyzer ("TSA").

20. On November 9, 2018, Defendants' General Counsel denied infringement without providing any factual basis for Irving's denials and unilaterally declared the matter closed. Upon information and belief, Defendants are still making, using, importing, offering to sell and selling their infringing bath tissue with full knowledge of their infringement of the Patents-in-Suit to the detriment of First Quality.

## PATENT INFRINGEMENT

21. First Quality re-alleges and incorporates paragraphs 1-20 herein by reference.

22. Defendants' have directly infringed one or more claims of the Patents-in-Suit, including at least Claim 1 of each of the '203 Patent, the '872 Patent and the '853 Patent, and are continuing to infringe the claims of the Patents-in-Suit, in violation of 35 U.S.C. § 271, by making, using, importing, offering to sell and/or selling their infringing bath tissue within the United States and in this Judicial District.

23. Defendants, with full knowledge of the Patents-in-Suit, and their infringement thereof, actively induce others to import, use, offer for sale, and/or sell in the United States, bath tissue which infringes one or more claims of the Patents-in-Suit, including at least Claim 1 of each of the '203 Patent, the '872 Patent and the '853 Patent. Defendants' infringement will continue unless enjoined by this Court.

24. Defendants' infringement has been and is being conducted with full knowledge of the Patents-in-Suit.

25. Upon information and belief, Defendants' infringement of the Patents-in-Suit has been willful and deliberate. Plaintiff has been and continues to be damaged and otherwise harmed by such willful infringement.

26. Plaintiff First Quality will be irreparably harmed unless Defendants' infringing activities are enjoined.

WHEREFORE, First Quality prays for judgment and relief against Defendants, including:

A. Adjudging that Defendants Irving Canada and Irving US have infringed the Patents-in-Suit;

B. Permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, sellers and consumers, from continuing acts of infringement of the Patents-in-Suit;

C. Adjudging that an accounting be had for damages caused by Defendants' infringement, together with pre-judgment and post-judgment interest;

D. Adjudging that Defendants are willful infringers and trebling the aforesaid damages pursuant to 35 U.S.C. § 284;

E. Adjudging that this case is an exceptional case and awarding First Quality its costs, expenses and reasonably attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff First Quality hereby demands a trial by jury as to all issues and causes of action which are so triable by right to a jury.

Dated: March 1, 2019

FISH & RICHARDSON P.C.

/s/ *Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)
Nitika Gupta Fiorella (No. 5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-5070
Facsimile   302-652-0607
Email:  mabey@fr.com

Edmond R. Bannon
Ron Vogel
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291
Email:  bannon@fr.com

*Attorneys for Plaintiff*
*First Quality Tissue, LLC*