## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIRST QUALITY TISSUE, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 19-428-RGA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| IRVING CONSUMER PRODUCTS | ) | |
| LIMITED and IRVING CONSUMER | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| IRVING CONSUMER PRODUCTS | ) | |
| LIMITED and IRVING CONSUMER | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST QUALITY TISSUE, LLC, | ) | |
| | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Irving Consumer Products Limited ("Irving Limited") and Irving Consumer

Products, Inc. ("Irving Inc.") (collectively "Irving") respectively file their Answer to the

Complaint ("the Complaint") filed by Plaintiff First Quality Tissue, LLC ("First Quality" or

"Plaintiff"), their Affirmative Defenses, and their Counterclaims.

## ANSWER

Irving respectfully answers the Complaint as follows:

### PARTIES

1.      Irving lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies them.

2.      Irving admits that Irving Limited is a limited liability company organized and existing under the laws of New Brunswick with a principal place of business at 100 Midland Drive, Dieppe, New Brunswick EIA 6X4, Canada, but otherwise denies the allegations in Paragraph 2.

3.      Irving admits the allegations in Paragraph 3.

### JURISDICTION AND VENUE

4.      Irving admits that the Complaint alleges an action for patent infringement under the law of the United States, 35 U.S.C. § 271 *et seq.*, but denies that First Quality is entitled to any relief.

5.      Irving admits the allegations in Paragraph 5.

6.      Irving admits that the Court has personal jurisdiction over Irving, but otherwise denies the allegations in Paragraph 6.

7.      Irving admits that venue is proper in this district, but otherwise denies the allegations in Paragraph 7.

### BACKGROUND

8.      Irving admits that United States Patent No. 9,506,203 ("the '203 Patent") states on its face that (a) it is entitled "Soft Through Air Dried Tissue," (b) it was issued by the U.S. Patent and Trademark Office on November 29, 2016, (c) it issued from an application filed on June 1, 2016, that was a continuation of Application No. 14/534,631, which was filed on

November 6, 2014, as a divisional of Application No. 13/837,685, which was filed on March 15, 2013, and (d) the '203 patent relies on Provisional Patent Application No. 61/679,337, filed on August 3, 2012. Irving further admits that Exhibit A purports to be a copy of the '203 Patent. Irving otherwise denies the allegations in Paragraph 8.

       9.      Irving admits that United States Patent No. 9,580,872 ("the '872 Patent") states on its face that (a) it is entitled "Soft Through Air Dried Tissue," (b) it was issued by the U.S. Patent and Trademark Office on February 28, 2017, (c) it issued from an application filed on June 1, 2016, that was a continuation of Application No. 14/534,631, which was filed on November 6, 2014, as a divisional of Application No. 13/837,685, which was filed on March 15, 2013, and (d) the '872 patent relies on Provisional Patent Application No. 61/679,337, filed on August 3, 2012. Irving further admits that Exhibit B to the Complaint purports to be a copy of the '872 Patent. Irving otherwise denies the allegations in Paragraph 9.

       10.     Irving admits that United States Patent No. 9,725,853 ("the '853 Patent"; collectively with the '203 and '872 Patents "the Patents-in-Suit") states on its face that (a) it is entitled "Soft Through Air Dried Tissue," (b) it was issued by the U.S. Patent and Trademark Office on August 8, 2017, (c) it issued from an application filed on February 27, 2017, that was a continuation of Application No. 15/170,746, which was filed on June 1, 2016, as a continuation of Application No. 14/534,631, which was filed on November 6, 2014, which was a divisional of Application No. 13/837,685, filed March 15, 2013, and (d) the '853 patent relies on Provisional Patent Application No. 61/679,337, filed on August 3, 2012. Irving further admits that Exhibit C to the Complaint purports to be a copy of the '853 Patent. Irving otherwise denies the allegations in Paragraph 10.

11.     Irving lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12.     Irving denies the allegations in the first sentence of Paragraph 12.  Irving lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 12 and therefore denies them.

13.     Irving admits that Irving Limited manufactures and sells consumer paper products.  Irving otherwise denies the allegations in Paragraph 13.

14.     Irving admits Irving Inc. is a wholly-owned subsidiary of Irving Limited and manufactures and sells consumer paper products.  Irving otherwise denies the allegations in Paragraph 14.

15.     Irving denies the allegations in Paragraph 15.

16.     Irving admits that, on or about October 17, 2018, First Quality contacted Grant Currier, General Counsel for the Irving Group of Companies, and accused Irving of infringing at least one claim of the each of the Patents-in-Suit.  Irving otherwise denies the allegations in Paragraph 16.

17.     Irving admits that, on or about October 23, 2018, First Quality provided Mr. Currier additional information about the accusations that First Quality made on October 17, 2018.  Irving otherwise denies the allegations in Paragraph 17.

18.     Irving lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Irving lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20.      Irving admits that it has denied its products infringe the Patents-in-Suit.  Irving otherwise denies the allegations in Paragraph 20.

## PATENT INFRINGEMENT

21.      Irving re-alleges and incorporates here its responses to Paragraphs 1-20.

22.      Irving denies the allegations in Paragraph 22.

23.      Irving denies the allegations in Paragraph 23.

24.      Irving denies the allegations in Paragraph 24.

25.      Irving denies the allegations in Paragraph 25.

26.      Irving denies the allegations in Paragraph 26.

## PRAYER FOR RELIEF

Irving denies that Plaintiff is entitled to any of the relief it requests.

WHEREFORE, Irving prays that the Court enter a judgment against First Quality:

a.      Dismissing the Complaint with prejudice;

b.      Entering judgment in favor of Irving on all claims;

c.      Denying First Quality's prayer for relief;

d.      Finding that this case is an exceptional case under 35 U.S.C. § 285 such that Irving is entitled to an award of its attorneys' fees;

e.      Awarding Irving its attorneys' fees, costs, and disbursements incurred in this action; and

f.      Awarding Irving such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Irving asserts the following affirmative defenses:

### First Affirmative Defense
### Failure to State a Claim

First Quality has failed to state a claim for which relief can be granted.

### Second Affirmative Defense
### Non-Infringement

Irving has not infringed and is not infringing, either directly or indirectly, any valid claim of the '203 Patent, the '872 Patent, or the '853 Patent.

### Third Affirmative Defense
### Invalidity

Each claim of '203 Patent, the '872 Patent, and the '853 Patent is invalid.

### Fourth Affirmative Defense
### Prosecution History Estoppel

First Quality's infringement claims are barred from relief under the doctrine of prosecution history estoppel.

### Fifth Affirmative Defense
### Prosecution Laches

First Quality is barred from relief under the doctrine of prosecution laches.

### Sixth Affirmative Defense
### Estoppel

First Quality's claims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense
### Laches

First Quality's claims are barred, in whole or in part, by the doctrine of laches.

**Eighth Affirmative Defense**
**Waiver**

First Quality's claims are barred, in whole or in part, by the doctrine of waiver.

**Ninth Affirmative Defense**
**Acquiescence**

First Quality's claims are barred, in whole or in part, by the doctrine of acquiescence.

**Tenth Affirmative Defense**
**Adequate Remedy at Law**

First Quality is not entitled to any injunctive relief as any purported infringement or any

purported damages have an adequate remedy at law.

**Eleventh Affirmative Defense**
**Failure to Mark**

First Quality's recovery is barred, in whole or in part, pursuant to 35 U.S.C. § 287 due to

its failure to properly mark patented articles.

**Twelfth Affirmative Defense**
**Unenforceability**

Each claim of '203 Patent, the '872 Patent, and the '853 Patent is unenforceable.

**Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Irving respectfully requests

a jury trial for all issues properly triable by jury.

**Prayer for Relief**

WHEREFORE, Irving prays that the Court enter a judgment against First Quality:

a.      Dismissing the Complaint with prejudice;

b.      Entering judgment in favor of Irving on all claims;

c.      Denying First Quality's prayer for relief;

d.     Finding that this case is an exceptional case under 35 U.S.C. § 285 such that Irving is entitled to an award of its attorneys' fees;

e.     Awarding Irving its attorneys' fees, costs, and disbursements incurred in this action; and

f.     Awarding Irving such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Irving Consumer Products Limited ("Irving Limited") and Irving Consumer Products, Inc. ("Irving Inc.") (collectively "Irving" or "Counter-Plaintiffs") assert the following counterclaims against Plaintiff and Counter-Defendant First Quality LLC ("First Quality" or "Counter-Defendant"):

### Parties

1.      Counter-Plaintiff Irving Limited is a limited liability company organized and existing under the laws of New Brunswick with a principal place of business at 100 Midland Drive, Dieppe, New Brunswick EIA 6X4, Canada.

2.      Counter-Plaintiff Irving Inc. is a US company organized and existing under the laws of Delaware with a principal place of business at 1 Eddy Street, Fort Edward, New York, 12828.

3.      Upon information and belief, Counter-Defendant First Quality is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 904 Woods Avenue, Lock Haven, Pennsylvania 17745-3348.

### Jurisdiction and Venue

4.      These counterclaims arise under Title 35 of the U.S. Code and 28 U.S.C. § 2201. Subject matter jurisdiction for these counterclaims therefore exists under 28 U.S.C. § 1331.

5.      First Quality has consented to the personal jurisdiction of this Court by the filing of its Complaint in this action within this judicial district.

6.      This judicial district is an appropriate venue for First Quality under 28 U.S.C. § 1391(b)(3) because First Quality has consented to personal jurisdiction in this judicial district.

7.      First Quality contends that it owns all right, title, and interest in United States Patent No. 9,506,203 ("the '203 Patent"), United States Patent No. 9,580,872 ("the '872 Patent"), and United States Patent No. 9,725,853 ("the '853 Patent") (collectively, "the Patents-in-Suit").

8.      First Quality further contends that Irving infringes at least one claim in each of the Patents-in-Suit.

9.      First Quality further contends that the alleged infringement has harmed First Quality giving rise to monetary damages and the need for equitable relief.

10.     First Quality has filed this action to obtain such relief.

11.     An actual and justiciable controversy exists under Article III of the United States Constitution over, among other things, the extent of rights owned by First Quality under the Patents-in-Suit, whether any claim in the Patents-in-Suit has been infringed by Irving, whether any claim in the Patents-in-Suit is valid, and whether First Quality is entitled to any relief.

**First Counterclaim**
**Non-Infringement of the '203 Patent**

12.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

13.     Irving has not infringed and is not infringing any valid claim of the '203 Patent.

14.     An actual controversy exists between Irving and First Quality regarding the infringement of the '203 Patent.

15.     Accordingly, Irving is entitled to declaratory judgment that it has not infringed and is not infringing any valid claim of the '203 Patent.

**Second Counterclaim**
**Non-Infringement of the '872 Patent**

16.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

17.     Irving has not infringed and is not infringing any valid claim of the '872 Patent.

18.     An actual controversy exists between Irving and First Quality regarding the infringement of the '872 Patent.

19.     Accordingly, Irving is entitled to declaratory judgment that it has not infringed and is not infringing any valid claim of the '872 Patent.

**Third Counterclaim**
**Non-Infringement of the '853 Patent**

20.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

21.     Irving has not infringed and is not infringing any valid claim of the '853 Patent.

22.     An actual controversy exists between Irving and First Quality regarding the infringement of the '853 Patent.

23.     Accordingly, Irving is entitled to declaratory judgment that it has not infringed and is not infringing any valid claim of the '853 Patent.

**Fourth Counterclaim**
**Invalidity of the '203 Patent**

24.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

25.     Each claim of the '203 patent is invalid for failing to meet one or more of the requirements for patentability under Title 35 of the U.S. Code including, without limitation, §§ 101, 102, 103, and 112.  By way of example only, the '203 Patent's claims are invalid as

anticipated or obvious in light of numerous prior art references, including, for example, KC Sam's Bath tissue, Proctor and Gamble Charmin by Royale, and Irving Majesta 2-Ply Facial tissue.

26.     An actual controversy exists between Irving and First Quality regarding the validity of the '203 Patent.

27.     Accordingly, Irving is entitled to declaratory judgment that the '203 patent is invalid.

**Fifth Counterclaim**
**Unenforceability of the '203 Patent**

28.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

29.     Each claim of the '203 Patent is unenforceable.  Upon information and belief, at the time that First Quality filed the patent application from which the '203 patent was granted, First Quality had test data that it knew undermined the patentability of the invention claimed in the '203 Patent.  Upon information and belief, First Quality deliberately did not disclose this test data during the prosecution of the application that lead to the '203 Patent.  Upon information and belief, the United States Patent and Trademark Office ("PTO") would not have allowed any claims in the '203 Patent had it been aware of the test data.

30.     An actual controversy exists between Irving and First Quality regarding the enforceability of the '203 Patent.

31.     Accordingly, Irving is entitled to declaratory judgment that the '203 patent is unenforceable.

**Sixth Counterclaim**
**Invalidity of the '872 Patent**

32.    Irving repeats here and incorporates by reference Paragraphs 1-11 of these

Counterclaims.

33.    Each claim of the '872 patent is invalid for failing to meet one or more of the

requirements for patentability under Title 35 of the U.S. Code including, without limitation,

§§ 101, 102, 103, and 112.  By way of example only, the '872 Patent's claims are invalid as

anticipated or obvious in light of numerous prior art references, including, for example, KC

Sam's Bath tissue, Proctor and Gamble Charmin by Royale, and Irving Majesta 2-Ply Facial

tissue.

34.    An actual controversy exists between Irving and First Quality regarding the

validity of the '872 Patent.

35.    Accordingly, Irving is entitled to declaratory judgment that the '872 Patent is

invalid.

**Seventh Counterclaim**
**Unenforceability of the '872 Patent**

36.    Irving repeats here and incorporates by reference Paragraphs 1-11 of these

Counterclaims.

37.    Each claim of the '872 Patent is unenforceable.  Upon information and belief, at

the time that First Quality filed the patent application from which the '872 patent was granted,

First Quality had test data that it knew undermined the patentability of the invention claimed in

the '872 Patent.  Upon information and belief, First Quality deliberately did not disclose this test

data during the prosecution of the application that lead to the '872 Patent.  Upon information and

belief, the PTO would not have allowed any claims in the '872 Patent had it been aware of the test data.

38.     An actual controversy exists between Irving and First Quality regarding the enforceability of the '872 Patent.

39.     Accordingly, Irving is entitled to declaratory judgment that the '872 Patent is unenforceable.

**Eighth Counterclaim**
**Invalidity of the '853 Patent**

40.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

41.     Each claim of the '853 Patent is invalid for failing to meet one or more of the requirements for patentability under Title 35 of the U.S. Code including, without limitation, §§ 101, 102, 103, and 112.  By way of example only, the '853 Patent's claims are invalid as anticipated or obvious in light of numerous prior art references, including, for example, KC Sam's Bath tissue, Proctor and Gamble Charmin by Royale, and Irving Majesta 2-Ply Facial tissue.

42.     An actual controversy exists between Irving and First Quality regarding the validity of the '853 Patent.

43.     Accordingly, Irving is entitled to declaratory judgment that the '853 Patent is invalid.

**Ninth Counterclaim**
**Unenforceability of the '853 Patent**

44.     Irving repeats here and incorporates by reference Paragraphs 1-11 of these Counterclaims.

45.     Each claim of the '853 Patent is unenforceable.  Upon information and belief, at the time that First Quality filed the patent application from which the '853 patent was granted, First Quality had test data that it knew undermined the patentability of the invention claimed in the '853 Patent.  Upon information and belief, First Quality deliberately did not disclose this test data during the prosecution of the application that lead to the '853 Patent.  Upon information and belief, the PTO would not have allowed any claims in the '853 Patent had it been aware of the test data.

46.     An actual controversy exists between Irving and First Quality regarding the enforceability of the '853 Patent.

47.     Accordingly, Irving is entitled to declaratory judgment that the '853 Patent is unenforceable.

## DEMAND FOR JURY TRIAL

48.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Irving respectfully requests a jury trial for all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Irving prays that the Court enter a judgment against First Quality:

a.      Dismissing the Complaint with prejudice;

b.      Declaring:

1.      First Quality is not entitled to any of the relief it requests in the Complaint,

2.      Irving does not infringe (i) the '203 Patent, (ii) the '872 Patent, or (iii) the '853 Patent,

3.      The '203 patent is (i) invalid and (ii) unenforceable,

4.      The '872 patent is (i) invalid and (ii) unenforceable, and

5.      The '853 patent is (i) invalid and (ii) unenforceable;

c.      Finding that this case is an exceptional case under 35 U.S.C. § 285 such that Irving is entitled to an award of its attorneys' fees;

d.      Awarding Irving its attorneys' fees, costs, and disbursements incurred in this action; and

e.      Awarding Irving such other and further relief as this Court may deem just and proper.

ASHBY & GEDDES

/s/ *John G. Day*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302.654.1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*
*Irving Consumer Products Limited and*
*Irving Consumer Products, Inc.*

*Of Counsel:*

Marshall J. Schmitt
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
312.222.0800
mjschmitt@michaelbest.com

Justin R. Cruz
MICHAEL BEST & FRIEDRICH LLP
1776 Lincoln Street, Suite 1100
Denver, CO  80203
720.240.9515
jrcruz@michaelbest.com

Dated:  July 29, 2019