**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 25, 2021

**BY ECF FILING**

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
Wilmington, DE 19801-3555

Re: *First Quality Tissue, LLC ("First Quality") v. Irving Consumer Products, et al., ("Irving")*, Civil Action No. 1:19-cv-00428-RGA

Dear Judge Andrews:

Irving writes to seek clarification regarding whether First Quality should have produced to Irving the Malburg-First Quality agreement it provided to the Court *in camera* in response *to* the Court's January 19, 2021 Oral Order (D.I. 179).

The Court issued two Oral Orders last week. The January 19th Oral Order stated, "In D.I. [166], p. 8 fn. 4, there is reference to the possibility of a written Malburg[-]First Quality agreement. The Court requests that counsel for Plaintiff confirm whether there is [] or is not a written agreement, and, if there is a written agreement, to produce it by the COB on January 20th." D.I. 179. On January 20th, the Court issued another Oral Order, this time directing First Quality to "send [the Court] the [documents cited in the Sealey Declaration] in the same order they are cited." D.I. 180.

Although the January 19th Order instructed First Quality to "produce" any written Malburg-First Quality Agreement, while the January 20th Order called upon First Quality to send the Court the documents cited in the Sealey Declaration, First Quality responded to both Oral Orders by submitting documents for "*in camera* review." D.I. 181. Specifically, with respect "to the Court's January 19, 2021 Oral Order (D.I. 179)," First Quality stated that it "ha[d] contemporaneously provided documents for *in camera* review which reflect the agreement between First Quality and Dr. Malburg for the relevant work." D.I. 181. First Quality did not produce those documents to Irving.

When Irving pointed out that the January 19th Oral Order had directed plaintiff to "produce" any Malburg-First Quality agreement "by COB on January 20th," First Quality responded: "The agreement has already been produced. The additional documents we provided to the Court for in camera inspection in connection with this are privileged. We do not intend to provide them to Irving absent instruction to do so from the Court." Ex. A. Because as Irving stated in the footnote cited in the Court's January 19th Oral Order (D.I. 179), First Quality had produced only the Malburg-Amster agreement—not any Malburg-First Quality agreement— Irving asked First Quality to identify by Bates number the agreement it claimed to have produced. On January 22, First Quality identified the Bates number for the Malburg-Amster agreement—*not* any Malburg-First Quality agreement. *See* Ex. B.

Because the parties have differing interpretations of what the Court intended in ordering First Quality to "produce" any written Malburg-First Quality agreement, Irving respectfully

{01655222;v1 }

The Honorable Richard G. Andrews
January 25, 2021
Page 2

requests that the Court clarify whether First Quality should produce to Irving the documents that First Quality provided "for *in camera* review which reflect the agreement between First Quality and Dr. Malburg for the relevant work" "[i]n response to the Court's January 19, 2021 Oral Order (D.I. 179)."

          Respectfully,

          */s/ John G. Day*

          John G. Day (#2403)

JGD/nlm
Attachments
cc:    All Counsel of Record (via electronic mail; w/attachments)