# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

August 11, 2021

The Honorable Richard G. Andrews                    *VIA ELECTRONIC FILING*
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

    Re:   *First Quality Tissue, LLC v. Irving Consumer Products Limited, et al.*
           C.A. No. 19-428 (RGA)

Dear Judge Andrews:

      Irving requests that First Quality be ordered to produce a number of data files critical to Irving's invalidity case. These files, created as the result of First Quality's testing of prior art, demonstrate that commercially available prior art met certain limitations of the asserted claims. Irving has raised this request with Special Master Stover. Due to the rapidly approaching trial date, however, Irving wishes to bring this issue to the Court's attention as well.

      This issue arises now, just weeks before trial, because First Quality withheld more than one hundred documents, for nearly a year, claiming they were privileged. After analyzing that claim, the Court found they should not have been withheld and ordered them produced. D.I. 233. Irving only received those documents on August 2, 2021.

      Those newly produced documents reveal that First Quality tested numerous prior art products and found them to meet certain limitations of the asserted claims; these tested prior art products were never identified by First Quality to the Patent Office or during discovery. Critically, these newly produced documents are spreadsheets that summarize only *some* of the data necessary to evaluate this new prior art. But the spreadsheets list the "Source" of their data: several hundred raw data files, identified by date and filename, having the extension *.prf (".prf files"). These .prf files contain the numerical data necessary to measure the allegedly novel Average Peak to Valley Waviness (Wc) and Average Primary Amplitude (Pa) metrics at the heart of this litigation. They can conclusively show whether prior art products that First Quality tested years ago met those claim limitations.

The Honorable Richard G. Andrews
August 11, 2021
Page 2

      First Quality should be required to produce all of the .prf files identified in its recent production, as well as a corporate representative for a 30(b)(6) deposition on them. These .prf files are certainly discoverable and indisputably relevant to Irving's defenses because they bear on the validity of the asserted patents; they are not privileged. Without these .prf files, which are solely in the possession of First Quality, neither Irving, a jury, nor the Court can fairly evaluate the validity of the asserted patents. We have met and conferred with counsel for First Quality and they have declined to produce these documents or a witness. Thus, we have today raised the issue with the Special Master.

      Irving is prepared to brief this issue with the Special Master unless Your Honor would like to hear it, in light of the upcoming September 13 trial date.

                                        Respectfully,

                                        */s/ Jack B. Blumenfeld*

                                        Jack B. Blumenfeld (#1014)

JBB/bac

cc:      All Counsel of Record (via electronic mail)