IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FIRST QUALITY TISSUE, LLC,

          Plaintiff,

      v.

IRVING CONSUMER PRODUCTS LIMITED
and IRVING CONSUMER PRODUCTS, INC.,

          Defendants.

C.A. No. 19-428-RGA

**JURY TRIAL DEMANDED**

**FIRST QUALITY TISSUE LLC'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL FACTS
<u>IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

FISH & RICHARDSON P.C.
Warren Keith Mabey, Jr. (No. 5775)
Joseph B. Warden (No. 5401)
Nitika Gupta Fiorella (No. 5898)
Casey M. Kraning (No. 6298)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-5070
Facsimile:  302-652-0607
mabey@fr.com;
warden@fr.com;
fiorella@fr.com;
kraning@fr.com

*Attorneys for Plaintiff*
*First Quality Tissue, LLC*

Dated:  August 26, 2021

First Quality objects to Irving's so-called motion for leave to file supplemental facts. Irving cites no authority for its motion, nor has it even attempted to recount the applicable, yet unspecified, burden to grant the request. That Irving has come across allegedly-relevant facts following the summary judgment briefing is not alone sufficient cause. Whatever standard may be applicable, Irving sets forth no good cause for Irving's delay in presenting these "supplemental facts." Moreover, Irving's additional two pages of uninvited summary judgment briefing goes well beyond merely providing supplemental facts in any event, is also improper as it violates the ordered exchange and page limits for such briefing, and should not be considered. If the Court entertains Irving's submission, First Quality requests an opportunity to respond on the merits.

The alleged "grounds" for Irving's motion are riddled with incorrect and downright misleading recasting of the history of the subpoenas served on ex-First Quality employees Ramaratnam and Hayes. Irving did indeed subpoena Ramaratnam and Hayes. And the South Carolina judge granted *in part* their limited remote depositions in July 2021. But the reason these depositions were not conducted sooner—during fact discovery and well before summary judgment briefing—is not because their counsel "reversed course." *Irving did*. Irving simply refused to take the depositions when originally noticed and to coordinate with Ramaratnam and Hayes on scheduling in good faith during fact discovery. The lateness of these depositions is a product of Irving's making.

Irving subpoenaed both Ramaratnam and Hayes for depositions in early August 2020, with both to be held on August 7, 2020, at 2:00 P.M. Exs. 1-2. When both confirmed their availability to be deposed, Irving inexplicably declined to proceed on the noticed date. Both men had already made arrangements to be deposed. Irving strategically chose not to proceed. When Irving sought to revisit these depositions weeks later, both Ramaratnam and Hayes again informed Irving of their

limited availability prior to the close of fact discovery in this case and requested that Irving agree to conduct the deposition after 2pm to accommodate their schedules (as originally noticed by Irving, and as previously requested by both third-parties). Ex. 3. Irving refused to start in the afternoon to accommodate their schedules and refused to meaningfully limit these third-party depositions (which contained 29 topics on which to testify) in any way whatsoever. Instead of working to ease the burden on these third parties, Irving did the exact opposite. It served *new* subpoenas in September 2020, without warning or explanation, setting both depositions to now occur over the course of a full weekend day. Ex. 4. Irving still refused to limit the depositions in scope or time to ease the burden on these third parties. It was not until *after* both men moved to quash the new subpoenas that Irving oddly moved to enforce, resulting in further unnecessary tandem briefing of redundant motions to quash and enforce. Exs. 5-8 (dockets for the four cases, showing Irving filing motions to enforce only after third-parties filed their motions to quash).

Nearly a year later, the South Carolina Court granted Irving's motions "in part." Exs. 6 and 8 at D.I. 6. The Court drastically reduced the scope of the deposition, exactly as both third parties had requested, and in a manner that Irving had largely refused before. The Court limited the depositions as follows: "[Ramaratnam/Hayes] is ordered to appear for a remote deposition via video teleconference, to be scheduled according to [Ramaratnam/Hayes'] availability on or before August 13, 2021, which deposition will commence no earlier than 2:00 p.m. on the date scheduled; the topics of the deposition will be limited to the testing equipment, protocols, and results pertaining to measurements of claimed surface properties performed during First Quality Tissue, LLCs (First Quality) development of the inventions described in contested patents at issue in the underlying litigation in the District of Delaware." Ramaratnam and Hayes were then deposed consistent with the Court's order, on August 6 and 10, without issue.

2

First Quality thus disputes Irving's contention that "Irving was unable to include this information in its summary judgment briefing because Messrs. Ramaratnam and Hayes resisted having their depositions taken and did not appear for their depositions until August 6 and August 10, 2021, respectively." Both Ramaratnam and Hayes were available to be deposed during the fact discovery period. *Irving* resisted and strategically chose not to pursue the depositions then and later demanded unreasonable terms and refused to work with third parties Ramaratnam and Hayes. The South Carolina Court agreed with these third parties that Irving's demands were unreasonable, and thus restricted the scope of these depositions.  Had Irving reasonably pursued fact discovery, these depositions would have been conducted long ago in August of 2020.

Turning to the attached supplemental facts themselves, Irving's Exhibit A to its motion is nothing more than two pages of continued summary judgement briefing. Indeed, Irving does not just present the so-called new facts but rather paraphrases them (wrongly and misleadingly), makes additional argument regarding previously submitted evidence (*e.g.*, revisiting specific portions of the patents and the previously-submitted Sealey testimony in furtherance of its arguments), and indeed it even requests the Court to make new claim constructions on the fly (in footnote 1). Just like Irving's prior two page legal brief mislabeled as a notice of subsequent authority, (D.I. 227), all of this is far beyond the submission of "supplemental facts," violates the briefing schedule and should be disregarded.

To the extent that the Court entertains Defendants' characterization of and argument about the supposed applicability of these belated facts, First Quality requests permission to file a response consistent with *Targus Int'l LLC v. Victorinox Swiss Army*, No. 20-464-RGA, 2020 U.S. Dist. LEXIS 232968, at *3 n.2 (D. Del. Dec. 10, 2020) (directing parties to seek leave to file a response to a notice of subsequent authority). However, just as First Quality noted in response to

Irving's prior improper notice of subsequent authority, (at D.I. 228), here too First Quality notes that the Court should simply not consider Irving's newest briefing consistent with, *e.g., Forest Labs., Inc. v. Amneal Pharm. LLC*, No. 14-508-LPS, 2015 U.S. Dist. LEXIS 23215, at *51 (D. Del. Feb. 26, 2015) (disregarding such notices that "go well beyond citing supplemental authority, and instead include extensive argument akin to what would be found in a brief").

Dated:  August 26, 2021

FISH & RICHARDSON P.C.

*/s/ Warren Keith Mabey, Jr.*
Warren Keith Mabey, Jr. (No. 5775)
Joseph B. Warden (No. 5401)
Nitika Gupta Fiorella (No. 5898)
Casey M. Kraning (No. 6298)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-5070
Facsimile   302-652-0607
Email:  mabey@fr.com; warden@fr.com;
fiorella@fr.com; kraning@fr.com

Edmond R. Bannon
Jeffrey C. Mok
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291
Email:  bannon@fr.com; jmok@fr.com

*Attorneys for Plaintiff*
*First Quality Tissue, LLC*