## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FIRST QUALITY TISSUE, LLC,

      Plaintiff,

   v.

IRVING CONSUMER PRODUCTS LIMITED
and IRVING CONSUMER PRODUCTS, INC.,

      Defendants.

Civil Action No. 19-428-RGA

ORDER

I read the parties' joint submission. (D.I. 361).

On the first dispute, I agree with First Quality that Dr. Mitton's availability does not make the deposition inadmissible. But I nevertheless exclude the deposition testimony. Ten minutes of Dr. Mitton saying "I don't know" does not tend to prove any relevant fact. And, it is unfairly prejudicial since his recalcitrance or genuine lack of knowledge or unwillingness to engage with broadly worded propositions, whichever combination of factors may have been at play during the deposition, makes him look bad, but not in a way that is relevant to the issues in the case. Thus, any probative value would be substantially outweighed by the almost certain risk of unfair prejudice to Defendant. Plaintiff's request to introduce the deposition testimony is **DENIED**.

On the second dispute, there is no substantial prejudice to Defendant in having Dr. Keller testify once. To the extent Dr. Keller would be anticipating both testimony from Mr. Kavalew and criticism from Plaintiff's expert, I all the time see litigants handle similar situations with a

question or two setting the stage for why a witness is addressing an issue.  Defendant's request is

**DENIED**.

IT IS SO ORDERED this 22nd day of April 2022.

United States District Judge